IN THE UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

|  |  |  |
|---|---|---|
| IN RE | ) | |
| | ) | |
| DWAYNE TYRONE MAYBERRY and | ) | CASE NO. 13-31233-H3-13 |
| FINA MECHEL BRADEN MAYBERRY, | ) | |
| | ) | |
| Debtors | ) | |
| | ) | |

MEMORANDUM OPINION

The court heard the "Motion To Extend And Continue Automatic Stay Regarding All Creditors" (Docket No. 8) filed by Dwayne Tyrone Mayberry and Fina Mechel Braden Mayberry, Debtors. After consideration of the motion, the opposition filed by H.M.M. Co., Inc. d/b/a Realty Mortgage Company ("HMMC") (Docket No. 11), the evidence, testimony and argument of counsel, the court makes the following Findings of Fact and Conclusions of Law granting the motion in part. A separate Judgment will be entered in conjunction with this Memorandum Opinion. To the extent any of the Findings of Fact are considered Conclusions of Law, they are adopted as such. To the extent any of the Conclusions of Law are considered Findings of Fact, they are adopted as such.

Findings of Fact

Dwayne Tyrone Mayberry and Fina Mechel Braden Mayberry ("Debtors") filed a voluntary chapter 13 petition on March 4, 2013. Prior to the instant filing, Debtors filed Case No. 12-30742-H3-13 (hereinafter referred to the "prior case") on

February 3, 2012 and a plan was confirmed on April 26, 2012. On February 7, 2013, the prior case was dismissed on the Chapter 13 Trustee's motion for failure to make plan payments. The instant case is Debtors' fourth chapter 13 bankruptcy proceeding although only the filing of the prior case affects the application of the automatic stay.[1] Debtor, Dwayne Tyrone Mayberry ("Mayberry"), testified that the instant case was filed in good faith and requests that the automatic stay be continued as to all creditors. The motion is opposed by HMMC, the holder of a claim secured by Debtor's home located at 20015 Lucia Lane, Humble, Texas 77346.

     Mayberry testified that his and his wife's first case was filed because they became unable to pay the ad valorem taxes on their home. The first case was dismissed because the attorney employed to represent them failed to timely file required documents. Mayberry testified that the second case was filed by the same attorney and a plan was confirmed. The second case was ultimately dismissed for Debtors' failure to make plan payments. Mayberry testified that his attorney did not inform him that the plan could be modified. Mayberry testified that Debtors' failure to make the plan payments in their second case was due to loss of

---

[1] Case No. 10-34652-H3-13 was filed June 1, 2010 and dismissed on July 19, 2010 for failure to file required documents. Case No. 10-37811-H3-13 was filed September 6, 2010 and dismissed, after confirmation, on November 21, 2011 on the Chapter 13 Trustee's motion for non-payment. Case No. 12-30752-H3-13 was filed February 3, 2012 and dismissed, after confirmation, on February 7, 2013 on the Chapter 13 Trustee's motion for non-payment.

income resulting from Debtors' foster care license being temporarily taken away pending an investigation.

Mayberry testified that the prior case, Case No. 12-30752-G3-13, was dismissed, after confirmation, for failure to make plan payments. He testified that Debtors permanently lost their foster care license resulting in loss of income of approximately $3,500 to $4,500 per month. In the prior case, HMMC initially opposed extension of the automatic stay, but then entered into an Agreed Order with Debtors. The Agreed Order extended the stay as to HMMC, provided that the Debtors made timely mortgage payments through the chapter 13 Trustee. Debtors defaulted on the terms of the Agreed Order and HMMC filed a Notice of Termination of the Automatic Stay on January 2, 2013. Case No. 12-30752-H3-13, Docket Nos. 21 and 54. The prior case was ultimately dismissed on February 7, 2013 for Debtors' failure to make plan payments to the chapter 13 Trustee.

Mayberry testified that the instant case was filed to save Debtors' home. He testified that Debtors had three dependents. Debtors receive income of approximately $690 per month in social security from their disabled son. As to their other two dependents, two foster children, Mayberry testified that no income was currently being received but he anticipated that additional income would be forthcoming in April 2013, when Debtors believed they would be relicensed for foster care. Mayberry testified that he believed that additional monthly

income was available to make plan payments. Debtors' schedules reflect, and Mayberry testified, that $1,000 in income would be generated from his wife's at home hair styling and cutting. Mayberry anticipated income of $1,300 from home health care and $2,700 from part time home remodeling work. Mayberry testified that he had four remodeling jobs already lined up and was working with a company. In addition to the increased income, Mayberry testified that the proposed plan payments were $125.00 less than the plan payments in the prior case.

Mayberry admitted that his mortgage arrears increased during each pending case. Debtors' proposed plan reflects pre-petition mortgage arrears of $40,000. Docket No. 2. Mayberry testified that he owes Harris County $3,981.09, and Humble Independent School District $8,599.88, for unpaid property taxes for the last three years. HMMC's Exhibit Nos. 6 and 7. Mayberry testified that he was not sure his proposed plan provided for payment of these delinquent taxes. The court notes that Debtors' proposed plan does not provide for payment of these debts. Docket No. 2. Mayberry testified that he purchased a homeowner's insurance policy one day prior to the hearing on the instant motion. Despite this testimony, Schedule J, filed on March 4, 2013, reflects a monthly expense for homeowner's insurance. Mayberry testified that he lost his insurance coverage about 1 to 1-1/2 months ago.

Debtors offered no other evidence to support a showing that the instant proceeding was filed in good faith or that they now have the ability to make payments and complete a plan.

## Conclusions of Law

Section 362(c)(3) of the Bankruptcy Code provides:

> (c) Except as provided in subsections (d), (e), (f), and (h) of this section–
>
> * * *
>
> (3) if a single or joint case is filed by or against debtor who is an individual in a case under chapter 7, 11, or 13, and if a single or joint case of the debtor was pending within the preceding 1-year period but was dismissed, other than a case refiled under a chapter other than chapter 7 after dismissal under section 707(b)--
>
> (A) the stay under subsection (a) with respect to any action taken with respect to a debt or property securing such debt or with respect to any lease shall terminate with respect to the debtor on the 30th day after the filing of the later case;
>
> (B) on the motion of a party in interest for continuation of the automatic stay and upon notice and a hearing, the court may extend the stay in particular cases as to any or all creditors (subject to such conditions or limitations as the court may then impose) after notice and a hearing completed before the expiration of the 30-day period only if the party in interest demonstrates that the filing of the later case is in good faith as to the creditors to be stayed; and
>
> (C) for purposes of subparagraph (B), a case is presumptively filed not in good faith (but such presumption may be rebutted by clear and convincing evidence to the contrary)--
>
> (i) as to all creditors, if--

>> (I) more than 1 previous case under any of chapters 7, 11, and 13 in which the individual was a debtor was pending within the preceding 1-year period;
>
>> (II) a previous case under any of chapters 7, 11, and 13 in which the individual was a debtor was dismissed within such 1-year period, after the debtor failed to--
>
>>> (aa) file or amend the petition or other documents as required by this title or the court without substantial excuse (but mere inadvertence or negligence shall not be a substantial excuse unless the dismissal was caused by the negligence of the debtor's attorney);
>
>>> (bb) provide adequate protection as ordered by the court; or
>
>>> (cc) perform the terms of a plan confirmed by the court; or
>
>> (III) there has not been a substantial change in the financial or personal affairs of the debtor since the dismissal of the next most previous case under chapter 7, 11, or 13 or any other reason to conclude that the later case will be concluded--
>
>>> (aa) if a case under chapter 7, with a discharge; or
>
>>> (bb) if a case under chapter 11 or 13, with a confirmed plan that will be fully performed; and
>
> (ii) as to any creditor that commenced an action under subsection (d) in a previous case in which the individual was a debtor if, as of the date of dismissal of such case, that action was still pending or had been resolved by terminating, conditioning, or limiting the stay as to actions of such creditor.

11 U.S.C. § 362(c)(3).

The burden of proof for obtaining an extension of the original 30-day period of the automatic stay is on the debtor. *See In re Charles*, 332 B.R. 538 (Bankr. S. D. Tex. 2005).

In the instant case, Debtor has filed an individual case under chapter 13 within one year after a preceding chapter 13 case was pending.  With respect to the question of whether a presumption applies that the instant case was not filed in good faith, the prior case was dismissed within that 1-year period, after the debtor failed to perform the terms of a plan confirmed by the court.  Thus, pursuant to Section 362(c)(3)(C)(i)(II), the court concludes that the presumption applies that the instant case was not filed in good faith.

Under Section 362(c)(3)(C) of the Bankruptcy Code, the presumption that a case is not filed in good faith may be rebutted by clear and convincing evidence.  The only evidence submitted by Debtors that their monthly income was sufficient to sustain the proposed plan was Mayberry's testimony.  The testimony was not supported with receipts or other documentation. In light of Debtors' growing arrearage to HMMC, and lapse in insurance on its collateral, the court concludes that Debtors have failed to meet their burden of proof of good faith as to HMMC.  As to the remainder of the creditors, the court concludes Debtors have met their burden of proof.

Based on the foregoing, a separate Judgment will be entered granting the motion as to all creditors except HMMC.

Signed at Houston, Texas on this 18th day of April, 2013.

*/s/ Letitia Z. Paul*
LETITIA Z. PAUL
UNITED STATES BANKRUPTCY JUDGE